IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KONG PHENG VUE,

                                                                 ORDER

               Plaintiff,

                                                          12-cv-83-bbc

    v.

STATE OF WISCONSIN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary and injunctive relief. Plaintiff Kong Pheng Vue is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment. (From the affidavit of indigency plaintiff submitted, I conclude that he is not a prisoner and therefore not subject to the requirements of the Prison Litigation Reform Act.) Because plaintiff is proceeding without prepayment of costs, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the

1

complaint, I conclude that it must dismissed without prejudice for plaintiff's failure to include a statement of facts showing that he is entitled to relief under Fed. R. Civ. P. 8.

Plaintiff alleges that he was wrongfully accused of strangulation, battery and disorderly conduct, that his side of the story was ignored and that he was fined $1,284 for a crime he did not commit. Plaintiff also alleges that he was convicted on June 17, 2011, without a fair trial. He does not explain why he believes he was treated unfairly, but it is clear from the other documents submitted by him that he was never convicted and possibly never tried. The alleged incident occurred on June 16, 2011, a criminal complaint was filed on June 26, 2011, dkt. #1-1, and the State of Wisconsin voluntarily dismissed the case on January 5, 2012, because it determined that "further prosecution is not warranted." Dkt. #1-2. (Plaintiff also attached an invoice from the Wisconsin State Public Defender in the amount of $804 for attorney fees and overdue charges. I am unable to determine why the bill was attached, although perhaps this is "the fine" to which plaintiff was referring. If so, then plaintiff was not fined; this is a bill for the legal services that plaintiff's attorney provided while defending plaintiff from criminal charges.)

Unfortunately for plaintiff, I cannot consider the merits of his complaint at this time because his pleading violates Rule 8 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the

claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's complaint does not identify the individuals who allegedly violated his rights or explain what actions they took that violated his rights.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that fixes these problems. Plaintiff's amended complaint should contain short and plain statements of fact made in numbered paragraphs. These factual statements should explain what happened to plaintiff to make him believe his rights were violated, when it happened and who did it. In other words, plaintiff should write his complaint as if he is telling a story to someone who knows nothing about his situation. He should take care to identify the actions taken by each individual that he believes violated his rights and should list these individuals as defendants.

ORDER

IT IS ORDERED that Plaintiff Kong Pheng Vue's request for leave to proceed in forma pauperis in this action is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8. Plaintiff may have until April 24, 2012, to submit a proposed amended complaint. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff

submits a revised complaint by that date, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 3rd day of April, 2012.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge