IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KONG PHENG VUE,

                                                                                    ORDER

                Plaintiff,

                                                                     12-cv-83-bbc

   v.

STATE OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action, plaintiff Kong Pheng Vue is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915. In an order dated April 3, 2012, I denied plaintiff leave to proceed because his complaint failed to comply with the notice pleading requirements of Fed. R. Civ. P. 8. Plaintiff has filed an amended complaint. Dkt. #5.

      Plaintiff does not have the means to make an initial partial payment. (From the affidavit of indigency, I conclude that he is not a prisoner and therefore not subject to the requirements of the Prison Litigation Reform Act.) Therefore, I must screen his amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se

1

litigant's complaint, the court must construe the complaint liberally. Having reviewed plaintiff's amended complaint, I conclude that it must dismissed. Even when read liberally as it must be, Haines v. Kerner, 404 U.S. 519, 521 (1972), the allegations still fail to satisfy the notice pleading standards of Fed. R. Civ. P. 8.

Plaintiff's complaint arises out of his arrest and prosecution for a violent altercation with Hilary Kendhammer on June 16, 2011. Although plaintiff suffered a black eye and cut lip, the La Crosse police arrested him and declined to charge Kendhammer with a crime. The police did not permit plaintiff to give a statement on his behalf.

On June 17, 2011, plaintiff was charged with battery, strangulation and disorderly conduct based on fraudulent complaints by Kendhammer. Also on this date Judge Bjerke "charged [plaintiff] without a trial" and sentenced him to "justice sanctions without a fair trial." The meaning of these latter allegations is not clear.

On January 4, 2012, the prosecution voluntarily dismissed the case against plaintiff. Plaintiff complains that Kendhammer did not appear at any court dates between June 17, 2011 and January 4, 2012. Plaintiff asserts that Kendhammer should have been the party to prosecute him for battery, rather than the State of Wisconsin or the district attorney.

Last, plaintiff alleges generally that the La Crosse County courthouse deprived him of his right to freedom of speech, his right to due process and his right to be free from unreasonable searches and seizures. He does not allege any specific facts to explain how

these rights were violated.

While his criminal case was ongoing, plaintiff filed a complaint against the La Crosse County Courthouse and the La Crosse Police Department. In an order dated December 15, 2011, I dismissed his case without prejudice because the defendants are not entities that can be sued. Kong Pheng Vue v. La Crosse County Courthouse, No. 11-cv-713, dkt. #4. On February 2, 2012, plaintiff filed a second complaint against the State of Wisconsin based on similar facts. I dismissed that complaint without prejudice in an order dated April 3, 2012, because it failed to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

Unfortunately for plaintiff, I cannot consider the merits of his amended complaint at this time because it fails to correct the shortcomings of his previous complaints. First, the amended complaint still violates Rule 8. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff should understand that when the court reviews his complaints, it does not consider any facts alleged in prior complaints.

Although the amended complaint has more detail than the previous complaint, it is

3

still insufficient to provide notice to the proposed defendants. Undoubtedly, the criminal prosecution was an unfortunate event for plaintiff. However, his complaint does not identify any specific actions taken during the prosecution that might have violated his constitutional rights. An individual's rights are not violated simply because he is charged with a crime and believes he is innocent. Baker v. McCollan, 443 U.S. 137, 144 (1979). Moreover, plaintiff does not have a claim that his rights were violated simply because the state chose not to charge Kendhammer with a crime. Private individuals do not have a right to have criminal prosecutions brought against others. It is the job of the district attorney to decide whether to charge an individual for violations of state law.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff may file a second amended complaint that fixes these problems. As I instructed plaintiff in the previous order, he must write his complaint as if he is telling a story to someone who knows nothing about his situation. Plaintiff should not assume that the reader knows anything about his case. The court will not incorporate information from any of his prior complaints into his newly amended complaint.

Second, I also instructed plaintiff in the order dated April 3, 2012 that he must identify the actions taken by each individual that he believes violated his rights and *list these individuals as defendants*. The amended complaint does not include a caption naming any defendants. His initial complaint in this case named the State of Wisconsin as the

4

defendant. However, the Supreme Court has held that a state is not a suable entity under 28 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). I discussed the proper entities for plaintiff's complaint in the order dismissing plaintiff's prior case. Kong Pheng Vue v. La Crosse County Courthouse, No. 11-cv-713, dkt. #4, at 2. Plaintiff should read that order again before filing a second amended complaint.

ORDER

IT IS ORDERED that plaintiff Kong Pheng Vue's request for leave to proceed in forma pauperis in this action is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8. Plaintiff may have until June 14, 2012, to submit a proposed amended complaint. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff submits a revised complaint by that date, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 31st day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge